**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0521, <u>State of New Hampshire v. Nancy Watkins</u>, the court on August 22, 2016, issued the following order:**

Having considered the defendant's brief and reply brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Nancy Watkins, appeals her conviction, following a bench trial in the Circuit Court (<u>Gardner</u>, J.), on charges of aggravated driving while intoxicated and driving while intoxicated. <u>See</u> RSA 265-A:2, :3 (2014). She argues that her conviction was contrary to the weight of the evidence. We assume, without deciding, that this argument is preserved.

A challenge to the weight of evidence supporting a conviction addresses whether the State carried its burden of persuasion. <u>State v. Spinale</u>, 156 N.H. 456, 465 (2007). It concerns the probative value of the evidence submitted at trial, and whether "a greater amount of credible evidence supports one side of an issue or cause than the other." <u>Id</u>. (quotation omitted). A verdict is conclusively against the weight of the evidence if it is one that no reasonable jury could return. <u>Id</u>. This raises primarily a factual question for the trial court, whose decision we will uphold "unless it was made without evidence or constituted an unsustainable exercise of discretion." <u>State v. Fedor</u>, 168 N.H. 346, 352 (2015) (quotation omitted). The trial court should grant a new trial on weight of the evidence grounds only in "exceptional cases in which the evidence preponderates heavily against the verdict and where a miscarriage of justice may have resulted." <u>Spinale</u>, 156 N.H. at 466 (quotations omitted).

In this case, the defendant argues that the weight of the evidence was contrary to a finding that she was impaired by "intoxicating liquor or any controlled drug, prescription drug, over-the-counter drug, or any other chemical substance, natural or synthetic." RSA 265-A:2, I(a), :3, I. The evidence at trial establishes that the State Trooper who arrested the defendant observed her driving on Route 16 in Newington; her vehicle was straddling the broken white line that separates the lanes of traffic, and forcing numerous other vehicles off the road. Multiple motorists had reported seeing the defendant drive in a hazardous manner from south of the Hampton tolls on Interstate 95. The trooper described the defendant's driving as "some of the worst [motor vehicle] operation [he had] seen." A six-year-old child was with her.

After he stopped the defendant, the trooper observed that she was lethargic and withdrawn, that her speech was slurred and mumbled, and that she was difficult to understand. According to the trooper, who is a certified drug recognition expert and is trained to identify signs of drug impairment, what he observed were signs that the defendant was impaired by a depressant drug. The trooper also administered three field sobriety tests, during which the defendant exhibited numerous signs of impairment, including lack of balance and stability and failure to follow the trooper's instructions throughout the tests. Although the defendant reported having arthritis, and although her feet appeared to be swollen, she told the trooper that she had no physical condition that would affect her ability to perform the tests. Based upon his observations, the trooper determined that the defendant was impaired.

Following her arrest, the defendant refused to undergo a blood test or a drug influence evaluation. See RSA 265-A:10 (2014) (a motorist's refusal to undergo testing pursuant to RSA 265-A:4 (2014) may be considered in subsequent criminal proceeding). The trooper observed that she was "on the nod" and appeared unable to keep her eyes open. A bail commissioner likewise observed that, while he was speaking with the defendant, she kept "nodding off," had slurred speech, seemed confused, and had difficulty following his instructions. Based upon his experience in observing and interacting with impaired individuals over the course of thirty years as a bail commissioner, the bail commissioner also opined that the defendant was "obviously impaired."

Although the defendant offered evidence that her vehicle had mechanical problems that would cause it to veer, and that she suffered from medical conditions that might impact her performance on field sobriety tests, the trial court was well within its discretion to credit the testimony of the trooper and bail commissioner. We conclude that the trial court's determination that the weight of the evidence supported a finding that the defendant was impaired was supported by the evidence and was not an unsustainable exercise of discretion. Fedor, 168 N.H. at 352.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2